KILPATRICK TOWNSEND & STOCKTON LLP
CHRISTINA E. FAHMY (*Pro Hac Vice Forthcoming*)
607 14th Street, NW, Suite 900
Washington, DC 20005-2018 USA
Telephone:  202-508-5800
Facsimile:   202-508-5858

DOUGLAS W. GILFILLAN (*Pro Hac Vice Forthcoming*)
dgilfillan@kilpatricktownsend.com
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309-4528 USA
Telephone:  404-815-6500
Facsimile:   404-815-6555

RISHI GUPTA (State Bar No. 313079)
rgupta@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco, CA  94111
Telephone:  415 576 0200
Facsimile:   415 576 0300

Attorneys for Defendant
NCR CORPORATION

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. ALLIANCE GROUP, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>NCR CORPORATION, a Delaware corporation; DOES 1 - 25, inclusive, jointly and severally,<br><br>Defendants. | Case No.   2:22-cv-3228<br><br>**NOTICE OF REMOVAL BY DEFENDANT NCR CORPORATION**<br><br>State Complaint filed April 1, 2022 |

# NOTICE OF REMOVAL BY DEFENDANT NCR CORPORATION

PLEASE TAKE NOTICE THAT Defendant NCR CORPORATION, a Maryland corporation[1] ("Defendant" or "NCR"), hereby removes this action from the Superior Court of the State of California, County of Orange, Case No. 30-2022-1253017-CU-BT-NJC, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446.

## I. STATE COURT ACTION

On April 1, 2022, Plaintiff U.S. ALLIANCE GROUP, INC., a California corporation ("Plaintiff" or "USAG") filed a Complaint in the Superior Court of the State of California, County of Orange, Case No. 30-2022-1253017-CU-BT-NJC (the "State Court Action") against Defendants NCR CORPORATION, a Maryland corporation ("NCR") and DOES 1 - 25, inclusive, jointly and severally ("DOES 1 - 25"). *See* Declaration of Rishi Gupta in Support of NCR's Notice of Removal ("Gupta Decl.") ¶ 3, Ex. A ("Complaint" or "Compl.").[2]

The Complaint alleges the following ten causes of action against Defendant NCR Corporation: (1) Intentional Interference of Prospective Economic Relationship; (2) Negligent Interference with Prospective Economic Advantage; (3) Unlawful Conversion Business Assets; (4) Civil Theft of Property; (5) Violation of California Unfair Competition Law Business and Professions Code § 17200; (6) Horizontal Restraint on Trade (Cartwright Act); (7) Unreasonable Restraint on Trade (Cartwright Act); (8) Willful Acquisition and Maintenance of a Monopoly (Cartwright Act); (9) Willful Attempted Acquisition and Maintenance of a Monopoly (Cartwright Act); and (10) Unjust Enrichment.

On April 14, 2022, USAG served NCR with the Complaint. *See* Gupta Decl. ¶ 8 Ex. D.

---

[1] Plaintiff incorrectly alleges in its Complaint that NCR is incorporated in Delaware.
[2] In accordance with 28 U.S.C. § 1446(a), the Complaint and all other publicly available process, pleadings, or orders in this action are attached to the Gupta Decl. as **Exhibits A-F**.

Defendants Does 1 through 25 are unnamed and unknown, and therefore have not been served with the Complaint. *See* Compl. ¶ 5.

## II. SATISFACTION OF REQUIREMENTS OF 28 U.S.C. §§ 1441(a) and 1446

Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the Superior Court where the removed case was pending, Orange, is located within this District.

In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on USAG and filed with the Clerk of the Orange County Superior Court. True and correct copies of the Notice to Superior Court of Removal of Civil Action and the Notice to Adverse Party of Removal of Civil Action are attached to the Gupta Decl. as Exhibits G and H, respectively.

This notice of removal is timely. It is filed within thirty (30) days of service of the Complaint, making this matter removable pursuant to 28 U.S.C. § 1446(b). Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

## III. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THE ACTION

This action is one over which this Court has subject matter jurisdiction under the provisions of 28 U.S.C. § 1332(a), and may be removed to this Court pursuant to 28 U.S.C. § 1441(a) because it is a civil action, the amount in controversy exceeds $75,000, exclusive of interests and costs, and it is between citizens of different states.

### A. Complete Diversity Exists Between the Parties

USAG is a citizen of California. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). For purposes of § 1332, a corporation is a citizen of both the state where it was incorporated and where it has its principal place of business.

28 U.S.C. § 1332(c)(1)). A person's domicile is the place he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

The Complaint alleges that USAG "is, and at all times relevant herein was, a California corporation with its principal place of business in Rancho Santa Margarita, California." Compl. ¶ 1. USAG does not allege that it is a resident of any other state within the United States. USAG also filed the State Court Action in the Superior Court of California, Orange County. Therefore, for purposes of diversity of citizenship, Plaintiff is domiciled in California and a citizen of California.

NCR is not a citizen of California. NCR is a corporation organized under the laws of the State of Maryland, with its principal place of business located in the state of Georgia. Gupta Decl., ¶¶ 3-4. Thus, NCR is now, and was at the time this action was commenced, a citizen of the states of Maryland and Georgia. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Inclusion of "Doe" defendants in a state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (holding that in determining whether diversity of citizenship exists, only the named defendants are considered). Therefore, Plaintiff's inclusion of "DOES 1-25" in the Complaint does not defeat diversity jurisdiction. Accordingly, there is complete diversity between the parties and the requirements of 28 U.S.C. § 1332(a) are satisfied.

**B.     The Amount in Controversy Exceeds $75,000[3]**

Removal is proper if, in addition to complete diversity, it is more likely than not that the value of a plaintiff's claims – *i.e.*, their potential recovery – exceeds

---

[3] NCR discusses the allegations in USAG's Complaint that are the subject of this matter solely to establish that the amount in controversy exceeds $75,000. In doing so, NCR makes no admission that Plaintiff is entitled to any damages.

NOTICE OF REMOVAL BY DEFENDANT NCR CORPORATION         - 4 -

$75,000. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003); 28 U.S.C. § 1332(a). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). In other words, when assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotation marks and brackets omitted).

Here, USAG prays, *inter alia*, for an award of "compensatory damages in excess of $13,000,000," "prejudgment interest," "treble damages," "punitive damages," and "attorneys' fees and costs." Complaint, Prayer Nos. 3-6. Accordingly, the amount in controversy in this matter exceeds the $75,000 threshold, exclusive of interest and costs, set forth in 28 U.S.C. § 1332(a), and removal to the Central District of California is proper, because this Court has subject matter jurisdiction of this matter.

## IV. CONCLUSION

WHEREFORE, NCR hereby removes the above action now pending before the Superior Court for the State of California for the County of Orange to this Court.

DATED: May 12, 2022         Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By:  /s/ *Rishi Gupta*
     RISHI GUPTA

Attorneys for Defendant
NCR CORPORATION

NOTICE OF REMOVAL BY DEFENDANT NCR CORPORATION                - 5 -

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this day May 12, 2022, the following documents were served via personal service, on counsel of record for Plaintiff U.S. Alliance Group, Inc. at the below address:

James C. Huber, Esq.
Global Legal Law Firm
380 Stevens Avenue, Suite 311
Solana Beach, CA 92075
Tel: (888) 846-8901
Fax: (888) 846-8902
Email: jhuber@attorneygl.com

DATED: May 12, 2022         KILPATRICK TOWNSEND & STOCKTON LLP

By:  */s/ Rishi Gupta*
     RISHI GUPTA

Attorneys for Defendant
*NCR CORPORATION*

NOTICE OF REMOVAL BY DEFENDANT NCR CORPORATION         - 6 -

20082987v.3